**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 1:18-cv-22483**

TRANSAMERICA CORPORATION,

     Plaintiff,

v.

TRANSAMERICA MULTISERVICES INC.,
*et al*.

     Defendants.

_____/

**PLAINTIFF'S MOTION FOR ALTERNATE SERVICE OF PROCESS BY**
**PUBLICATION AND ELECTRONIC MAIL, OR IN THE ALTERNATIVE,**
**FOR A 90-DAY EXTENSION OF TIME TO EFFECT PERSONAL SERVICE**

Plaintiff, pursuant to Rules 4(e)(1) and 4(h)(1) of the Federal Rules of Civil Procedure,

moves the court for an order approving alternate service of process on Defendants Allnation

Financial LLC ("Allnation Financial") and Michaela Jallah (collectively "Defendants")[1] by

publication and electronic mail at michaela.jallah@yahoo.com.  As grounds for this Motion,

Plaintiff states:

(1)     that Defendants have concealed their whereabouts by registering fictitious

addresses at the Florida Secretary of State where they cannot be located or served;[2]

(2)     that Defendant Jallah is not located at her last known address and is evading

service of process;[3]

---

[1]     Plaintiff is filing a notice of dismissal of Defendant Transamerica Multiservices Inc. without prejudice, as Plaintiff has discovered that this Defendant was not responsible for the infringement described in Plaintiff's complaint and has no relationship to the other two Defendants who are in fact the responsible parties.

[2]     *See* Declaration of Bruce A. McDonald, which is attached as Exhibit A, at ¶¶ 2, 3, 4, 11, 12, 16, 17.

[3]     McDonald Decl., ¶¶ 3, 10(c), 16, 17(b), 18.

(3)     that Plaintiff has complied with state statutory requirements for substituted service on Defendant Allnation via USPS Certified Mail[4] and delivery to the Florida Secretary of State;[5]

(4)     that Plaintiff is unable to effect personal service on either Defendant despite diligent efforts;[6]

(5)     that Defendants respond to email communications directed to their email address at micheala.jallah@yahoo.com;[7]

(6)     that Defendants are on actual notice of this proceeding by reason of Plaintiff's communications to their email address at micheala.jallah.com;[8]

(7)     that Defendants are in actual receipt of the Complaint by reason of delivery to their email address at micheala.jallah@yahoo.com;[9] and

(8)     on that basis, that electronic service is reasonably calculated to provide actual notice of filings and correspondence in this case.

## I.     Statement of the Facts

Defendant Allnation is a Florida limited liability company registered with the Florida Secretary of State on April 22, 2015, as "Transamerica Tax Multi Services LLC."[10]  Its

_____

[4]     *Id.,* ¶¶ 7, 8.

[5]     *Id.*, ¶ 19.

[6]     *Id.,* ¶¶ 1 – 19.

[7]     *Id.,* ¶¶ 1(e), 5, 10(b), 13, 14, 16.

[8]     *Id.*

[9]     *Id.*

[10]    McDonald Decl., ¶ 2.  The name was subsequently amended to "TransAmerica Multiservices Agency LLC."  *Id.*

2

registered address is 500 NE Spanish River Blvd., #105, Boca Raton, FL 33431.[11]  Neither Defendant is located at this address.[12]  Defendant Jallah, age 29, is the manager and authorized agent of Defendant Allnation.[13]  Defendant Jallah's last known address is 500 NW 51st Ave., Delray Beach, FL 33445-2140.[14]  Neither Defendant is located at this address.[15]

Plaintiff's efforts to make contact with Defendants began on March 14, 2018, when Plaintiff's counsel sent a letter by regular mail and Federal Express, objecting to Defendants' use of the name "TransAmerica Multiservices" at www.tamultiservices.com.[16]  The street address on the website was the same as that registered with the Florida Secretary of State, so that is the address used for the letter.[17]  The letter was returned undeliverable after attempts on March 15 and 19, 2018.[18]

On April 26, 2018, Defendant Allnation registered a new address at 500 NE Spanish River Blvd., Suite 105C, Boca Raton, FL 33431, with the telephone number (561) 932-7200, and the email address micheala.jallah@yahoo.com.[19]

---

[11]    *Id.*

[12]    The address belongs to a company named Elite Senior Care that denies any knowledge of either Defendant.  *Id.*

[13]    *Id.,* ¶ 3.

[14]    *Id.*

[15]    The address belongs to an "Elizabeth Woods" who denies knowledge of either Defendant.  *Id.*

[16]    *Id.,* ¶ 4.

[17]    *Id.*

[18]    *Id.*

[19]    *Id.,* ¶ 5.  That information was current as of September 12, 2018.  *Id.*

SGR/19242027.1

On April 30, 2018, Plaintiff's counsel called Defendant Allnation's telephone number appearing on Defendants' website at www.tamultiservices.com and registered with the Florida Secretary of State, (561) 932-7200, to ask whether Defendants planned to take down the content appearing at that website.[20]  He reached an unidentified female individual, explained the reason for his call, and was told not to bother her anymore.[21]

As Defendants were still using the name "TransAmerica Multiservices" at www.tamultiservices.com as of April 30, 2018, counsel sent another letter to Defendants by regular mail, certified mail and Federal Express, again directed to the address on their website.[22] On May 2, 2018, Plaintiff's counsel received a voicemail message from Federal Express, reporting that the occupant had asked who the letter was from, and when informed that it was from Transamerica, refused to accept the delivery.[23]  As of June 20, 2018, Defendants' website at www.tamultiservices.com continued to display Plaintiff's name and service mark;[24] Plaintiff filed its Complaint on that date.

On June 21, 2018, Plaintiff's counsel directed a letter with a copy of the Complaint to Defendants by Federal Express and regular mail at the following addresses:

(1)     500 NE Spanish River Blvd., # 105, Boca Raton, FL 33431.[25]  This address was registered by Defendants with the Florida Secretary of State on April 26, 2018, when they

---

[20]     *Id.,* ¶ 6.

[21]     *Id.*

[22]     *Id.,* ¶ 7 (1876 N. University Drive, Suite 200-I, Plantation, FL 33322).

[23]     *Id.,* ¶ 8.

[24]     *Id.* ¶ 9.

[25]     *Id.,* ¶ 10(a).

SGR/19242027.1

changed the corporate Defendant's name from Transamerica Multiservices Agency LLC to Allnation Financial LLC.[26]

(2)      400 South Federal Highway, Boynton Beach, FL 33435.[27]  This address was associated with Ms. Jallah by means of Westlaw research conducted on June 8, 2018.[28]  It is also the address that she registered in the "Whois" database for the Internet domain name TAMULTISERVICES.COM.[29]  She also registered the email address micheala.jallah@yahoo.com and the telephone number (561) 932-7200 for the TAMULTISERVICES domain name, although on June 6, 2018, she changed the registered address for the domain name to 1876 N. University Dr., Suite 200-I, Plantation, FL, with the same telephone number and a new email address, michealajallah@gmail.com.[30]  By June 27, 2018, however, Defendant Jallah had changed the registered address for the domain name *back* to the Boynton Beach address, with the same telephone number and the old email address, micheala.jallah@yahoo.com.[31]

(3)      501 51st Ave. N.W., Delray Beach, FL 33445-2140.[32]  This was Ms. Jallah's last known address as of June 8, 2018.[33]

---

[26]      *Id.*

[27]      *Id.,* ¶ 10(b).

[28]      *Id.*

[29]      *Id.*

[30]      *Id.*

[31]      *Id.*

[32]      *Id.,* ¶ 10(c).

[33]      *Id.*

SGR/19242027.1

The copy of Plaintiff's June 21 letter sent by Federal Express to the Boca Raton address was delivered on June 25, 2018, and signed for by a receptionist at the residential building's front desk.[34]  However, counsel subsequently received a call from a Gary Froonjian of G&L Transcription, Inc., stating that the letter had been left at his office, that he had no knowledge of either Defendant, and that he was destroying the package.[35] The copy sent by Federal Express to Boynton Beach address was returned undeliverable after attempts on June 25, June 26, June 27, June 28, and July 2, 2018.[36]

On June 25, 2018, counsel received a call from a Patrick Blackwood, who stated that he was calling on behalf of Defendant Jallah.[37]  Mr. Blackwood reported that he and Defendant Jallah had received the copy of Plaintiff's June 21 letter that was sent by email to micheala.jallah@yahoo.com.[38]  He stated that he and Defendant Jallah receive mail at the Plantation address and check that address periodically for mail.[39]  He further reported that Defendant Jallah had changed the name of her company and was in the process of changing the company's "logo."[40]  Counsel then visited Defendants' website at www.tamultiservices.com and observed that there had been no change at the website.[41]

---

[34]     *Id.,* ¶ 11.

[35]     *Id.*  Mr. Froonjian then sent an email confirming that fact.  *Id.*

[36]     *Id.,* ¶ 12.

[37]     *Id.,* ¶ 13.

[38]     *Id.*

[39]     *Id.*

[40]     *Id.*

[41]     *Id.*

SGR/19242027.1

After his conversation with Mr. Blackwood, counsel sent a letter to Defendants dated June 25, 2018, by Federal Express, addressed to the Plantation address, and by email to micheala.jallah@yahoo.com.[42]  On June 27, 2018, counsel received another call from Mr. Blackwood, whereupon a discussion ensued about the website at www.tamultiservices.com.[43] Mr. Blackwood reported that Ms. Jallah did not own the domain name TAMULTISERVICES.COM, which counsel knew was untrue from the Whois records.[44] Counsel stated that Transamerica would drop the lawsuit if Defendants would refrain from use of the Transamerica name in the future and assign the domain name TAMULTISERVICES.COM to Transamerica on the grounds that the name had been used as an instrumentality for past infringement.[45]  Counsel stated that Plaintiff was still attempting to establish a valid physical address for Defendants and asked him if he could provide an actual residential address, which he refused to do.[46]  Mr. Blackwood then stated that Defendants would not relinquish the domain name and hung up.[47]

On June 28, 2018, Plaintiff's counsel sent another letter to Defendants by Federal Express and regular mail to the Boca Raton, Plantation, and Delray Beach addresses, as well as by email to micheala.jallah@yahoo.com, enclosing a draft agreement in which Transamerica would waive damages, costs and attorney fees, in return for a promise by Defendants to refrain

---

[42]     *Id.,* ¶ 14.

[43]     *Id.,* ¶ 15.

[44]     *Id.*

[45]     *Id.*

[46]     *Id.*

[47]     *Id.*

7

from further use of the Transamerica name and an assignment of the

TAMULTISERVICES.COM domain name.[48]  The Federal Express copy to the Boca Raton

address was returned undeliverable;[49] and the Federal Express copy to the Delray Beach was

delivered on June 29, 2018, although not signed for.[50]  Plaintiff has had no subsequent

communications from Defendants.[51]

On August 28, 2018, Plaintiff's counsel hired process servers to make personal service at

the following addresses:

(1)     500 N.E. Spanish River Blvd., # 105, Boca Raton, FL 33431.[52]  This is the current

official address of Defendants according to the Florida Secretary of State.[53]  The process server

reported that there is no such party at this address and that the address is occupied by a business

named "Elite Senior Care."[54]

(2)     500 N.W. 51st Ave., Delray Beach, FL 334345.[55]  This is Defendant Jallah's last

known address.[56]  The process server was greeted there by an "Elizabeth Woods" who stated that

she had no knowledge of either Defendant.[57]

---

[48]     *Id.,* ¶16.

[49]     *Id.*

[50]     *Id.*

[51]     *Id.*

[52]     *Id.,* ¶ 17(a).

[53]     *Id.*

[54]     *Id.*

[55]     *Id.,* ¶ 17(b).

[56]     *Id.*

[57]     *Id.*

(3)     7 Southern Cross Lane, # 202, Boynton Beach, FL 33436.[58]  This is the address originally registered by Defendants with the Florida Secretary of State.[59]  It was also linked to Defendant Jallah in Plaintiff's investigation.[60]  Service was attempted at this address on September 4, 2018, at which time the process server was greeted by an individual named Ms. Jordan with no knowledge of either Defendant.[61]

(4)     1876 N. University Drive, Suite 200-I, Plantation, FL 33322.[62]  This is the address at which Defendants receive their mail according to Defendants' representative Patrick Blackwood as recounted above.  Upon attempted service at this location on August 29, 2018, the process server reported that "[T]here is no such suite number, defendant is not on building directory, will attempt alternate address provided."[63]

On September 7, 2018, counsel sent another letter to Defendants with the Complaint and Summonses by USPS Certified Mail, directed to the Boca Raton, Plantation and DelRay Beach addresses, even though previous letters sent to Defendants by Certified Mail had been returned unclaimed.[64]  At the time Plaintiff filed this Motion, Plaintiff's process servers were continuing to attempt service.[65]  Plaintiff has also attempted substituted service on Defendants by delivery of the Complaint and Summonses to the Florida Secretary of State in compliance with Florida

---

[58]     *Id.,* ¶ 17(c).

[59]     *Id.*

[60]     *Id.*

[61]     *Id.*

[62]     *Id.,* ¶ 17(d).

[63]     *Id.,*

[64]     *Id.,* ¶18.

[65]     *Id.,* ¶ 19.

law, even though the addresses registered by Defendants with the Secretary of State are false and

fictitious.[66]

## II.     Standard of Review

Rule 4(e) of the Federal Rules of Civil Procedure governs the methods by which service

of process may be effected on an individual.  Rule 4(e) provides:

> (e)     SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1)     *following* *state* *law* for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2)     *doing* *any* *of* *the following*:
>
> (A)     delivering a copy of the summons and of the complaint to the individual personally;
>
> (B)     leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C)     delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e) (emphasis added).  Because Defendant Jallah has concealed her whereabouts

and is evading service of process, she cannot be served by the methods provided in Fed. R. Civ.

P. 4(e)(2), so the question is whether Plaintiff has followed state law for serving a summons on

her as provided in Fed. R. Civ. P. 4(e)(1).

Rule 4(h)(1) of the Federal Rules of Civil procedure governs the methods by which

service of process may be effected on a limited liability company:

---

[66]     *Id.*

SGR/19242027.1

(h)     SERVING A CORPORATION, PARTNERSHIP, OR ASSOCIATION. Unless federal law
provides otherwise or the defendant's waiver has been filed, a domestic or foreign
corporation, or a partnership or other unincorporated association that is subject to
suit under a common name, must be served:

(1)     in a judicial district of the United States:

(A)     *in the manner prescribed by Rule 4(e)(1) for serving an individual*;
or

(B)     by delivering a copy of the summons and of the complaint to an
officer, a managing or general agent, or any other agent authorized
by appointment or by law to receive service of process and—if the
agent is one authorized by statute and the statute so requires—by
also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1) (emphasis added).  Because Defendant Allnation has registered false and

fictitious addresses, it cannot be served by the method provided in Fed. R. Civ. P. 4(e)(1), so the

question is whether Plaintiff has followed state law for serving a summons as provided in Fed. R.

Civ. P. 4(h)(1)(B).

The provisions of Florida law applicable to substituted service of process where

Defendants have concealed their whereabouts and evaded service are found in Sections 48.161,

48.171 and 48.181 of the Florida Statues.[67]  Florida Statute § 48.161, titled "Method of

substituted service on nonresident," states in relevant part:

When authorized by law, substituted service of process on a nonresident *or a person who
concealed his or her whereabouts* by serving a public officer designated by law shall be
made by leaving a copy of the process with a fee of $8.75 with the public officer or in his
or her office or by mailing the copies by certified mail to the public officer with the fee.
The service is sufficient service on a defendant who has appointed a public officer as his
or her agent for the service of process. Notice of service and a copy of the process shall
be sent forthwith by registered or certified mail by the plaintiff or his or her attorney to
the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his or
her attorney of compliance shall be filed on or before the return day of the process or
within such time as the court allows. . . [Emphasis added.]

---

[67]     *See Great American Assurance Co. v. Walters,* 2016 WL 9526443, at *1-2 (M.D.
Fla. April 14, 2016) (citing relevant Florida statutes).

Florida Statute § 48.171, titled "Service on nonresident motor vehicle owners, etc.,"

states similarly:

> Any nonresident of this state, being the operator or owner of any motor vehicle, who
> accepts the privilege extended by the laws of this state to nonresident operators and
> owners, of operating a motor vehicle ... within the state, *or any resident of this state*,
> being the licensed operator or owner of or the lessee, or otherwise entitled to control any
> motor vehicle under the laws of this state, *who* becomes a nonresident or *conceals his or
> her whereabouts*, by the acceptance or licensure and by the operation of the motor
> vehicle ... within the state constitutes the Secretary of State his or her agent for the
> service of process in any civil action begun in the courts of the state against such operator
> or owner, lessee, or other person entitled to control of the motor vehicle, arising out of or
> by reason of any accident or collision occurring within the state in which the motor
> vehicle is involved.  [Emphasis added.]

Finally, Florida Statute § 48.181, titled "Service on nonresident engaging in business in

state," states in relevant part:

> The acceptance by any person or persons, individually or associated together..., who are
> residents of any other state or country, and all foreign corporations, and *any person who*
> is a resident of the state and who subsequently becomes a nonresident of the state or
> *conceals his or her whereabouts*, of the privilege extended by law to nonresidents and
> others to operate, conduct, engage in, or carry on a business or business venture in the
> state ... constitutes an appointment by the persons and foreign corporations of the
> Secretary of State as their agent on whom all process in any action or
> proceeding against them, or any of them, arising out of any transaction or operation
> connected with or incidental to the business or business venture may be served. The
> acceptance of the privilege is signification of the agreement of the persons and foreign
> corporations that the process against them which is so served is of the same validity as if
> served personally on the persons or foreign corporations.  [Emphasis added.]

## III.    Argument

While service of process is the responsibility of the plaintiff, "[a] defendant who beclouds

his whereabouts should not be entitled to benefit from the process server's consequent

confusion."[68]  Moreover, "[t]he rules governing service of process are not designed to create an

---

[68]      *National Labor Relations Bd. v. Clark,* 468 F.2d 459, 464 (5th Cir. 1972).  In
*Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted
all cases decided by the Fifth Circuit Court of Appeals prior to the close of business on
September 30, 1981, as binding precedent.

SGR/19242027.1

obstacle course for Plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction."[69]  Alternate service is necessary where a defendant has concealed his whereabouts and is evading services, making it impossible to effect personal service despite its diligent efforts.  *Hernandez v. State Farm Mut. Auto. Ins. Co.,* 32 So. 3d 695, 698 (Fla. Dist. Ct. App. 2010).

### A. Alternate Service of Process by Electronic Mail and Publication is Authorized by the Federal Rules of Civil Procedure.

Courts have discretion to determine the appropriate means of service in a given case.[70]  In exercising this discretion, the court must ensure that the alternate service comports with due process requirements.[71]  This means that the alternative method of service must provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[72]  Service via e-mail has been permitted as a proper means of alternate service of process.[73]

### B. Plaintiff is in Compliance with Florida Statutory Requirements for Substituted Service on Defendants Who Have Concealed Their Whereabouts and Evaded Service of Process.

When a defendant has concealed his whereabouts and evaded service of process, "The test ... is not whether it was in fact possible to effect personal service in a given case, but whether

---

[69]    *Verizon Trademark Servs., LLC v. Producers Inc.*, 2011 WL 3296812, at *5 (M.D. Fla. Aug. 2, 2011) (quoting *TRW Inc. v. Derbyshire,* 157 F.R.D. 59, 60 (D. Co. 1994)).

[70]    *U.S. Commodity Futures Trading Com'n v. Aliaga,* 272 F.R.D. 617, 619 (S.D. Fla. 2011).

[71]    *Chanel, Inc. v. Lin*, 2009 WL 1034627, at *1 (S.D. Fla. Apr. 16, 2009).

[72]    *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

[73]    *Aliaga,* 272 F.R.D. at 619 (citing, *inter alia*, *Chanel, Inc. v. Zhixian*, 2010 WL 1740695, at *4 (S.D. Fla. Apr. 29, 2010)).

SGR/19242027.1

the [plaintiff] reasonably employed knowledge at [its] command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire information necessary to enable [it] to effect personal service on the defendant."[74]  The technical requirements for substituted service under Florida law are as follows: "(1) the plaintiff must send notice of service and a copy of the process by registered or certified mail to the defendant;[75] (2) the plaintiff must file the defendant's return receipt; and (3) the plaintiff must file an affidavit of compliance."[76]  Plaintiff has taken the first and third of these measures, but is unable to file Defendants' return receipts because all available addresses for Defendants, including but not limited to the relevant address for purposes of Fla. Stat. § 48.161 (*i.e.*, Defendants' address registered with the Florida Secretary of State) are false and fictitious.  Moreover, Plaintiff's counsel "reasonably employed knowledge at [his] command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire information necessary to enable [him] to effect personal service on the defendant."[77]

---

[74]     *Delancy v. Tobias,* 26 So.3d 77, 78 (Fla. 3d DCA 2010); *accord, Alvarado-Fernandez v. Mazoff,* 151 So. 3d 8, 17-18 (Fla. App. 2014) ("Under the facts of this case, it is clear that Plaintiff made conscientious efforts appropriate to the circumstances to obtain service on a defendant who could be deemed to be actively avoiding personal service"); *Wiggam v. Bamford,* 562 So.2d 389, 391 (Fla. 4th DCA 1990) ("The test [for determining the sufficiency of constructive or substitute service] is not whether it was in fact possible to effect personal service in a given case, but whether the [plaintiff] reasonably employed knowledge at [her] command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable [her] to effect personal service on the defendant.").

[75]     Plaintiff is in compliance with this requirement.  *See* McDonald Decl., ¶¶ 7, 8.

[76]     The Declaration of Bruce A. McDonald meets this requirement.  *Smith v. Leaman,* 826 So.2d 1077, 1078 (Fla. 2nd DCA 2002).

[77]     *Verizon Trademark Servs. LLC v. Producers Inc.,* 2011 WL 3296812, at *5 (M.D. Fla.) (quoting *Delancy v. Tobias,* 26 So. 3d at 78).

SGR/19242027.1

Despite the requirement of strict compliance with statutory requirements, "the courts have created an exception to the requirement that the plaintiff file the defendant's return receipt for those situations in which the defendant is actively refusing or rejecting the substituted service of process."[78]  The failure to file the defendant's return receipt has been excused when the record shows that the party to be served is deliberately refusing to accept delivery.[79]  As stated in *Jennings v. Montenegro,* 792 So. 2d 1258, 1261 (Fla. 4th DCA 2001), "Plaintiffs who use substituted service but fail to obtain a return receipt ... must allege that the defendant is concealing his whereabouts, *or* that they had exercised due diligence in attempting to locate him."

The exception to Florida state law requirements on substituted service of process has been stated as follows in a case where a Florida resident is concealing his or her whereabouts:

> When a resident conceals his whereabouts, obviously it is impossible to serve him by mail or otherwise.  When a defendant makes it impossible for the plaintiff to serve him by mail or otherwise, the failure to file defendant's return receipt does not prevent this court from acquiring jurisdiction.

*Verizon Trademark Servs., supra,* 2011 WL 3296812, at *5 (quoting *Fernandez v. Chamberlain,* 201 So. 2d 781, 786 (Fla. 2nd DCA 1967)).  A defendant "[w]ith knowledge of th[e] action . . . cannot be allowed to avoid personal and substitute service of process by failing to retrieve his own mail . . . and by failing to provide relevant information about his whereabouts to Plaintiffs in order to permit personal service[.]"  *Verizon Trademark Servs.,* 2011 WL 3296812, at *6.

In *Delancy*, substituted service was deemed appropriate because the plaintiff attempted to personally serve the defendant but was unsuccessful because the defendant lived in a gated community.  26 So. 3d at 78.  In *Robb v. Picarelli*, 319 So. 2d 645, 647 (Fla. 3d DCA 1975), the

---

[78]      *Smith v. Leaman,* 826 So. 2d 1077, 1078 (Fla. 2nd DCA 2002).

[79]      *Woodword v. Smith,* 773 So.2d 1170, 1170 (Fla. 2nd DCA 2000); *accord, Oteman, S.A. v. Napoles,* 757 So.2d 1261 (Fla. 3d DCA 2000); *Wyatt v. Hease,* 649 So. 2d 905 (Fla. 4th DCA 1995).

SGR/19242027.1

court determined that substituted service was justified because the plaintiff established that the defendant was concealing his whereabouts.  There, the plaintiff made numerous unsuccessful attempts to personally serve the defendant, employed private detectives, and checked with the Department of Motor Vehicles, the National Crime Center and various police departments in an effort to find the defendant's last known address to no avail.  *See also 818 Asset Mgmt. v. Neiman,* 22 So. 3d 659, 661 (Fla. 3d DCA 2009) (concurring opinion) (denying motion to set aside default judgment premised on insufficient service of process because defendant, for a period spanning eight months, "did not claim her mail while at home and made no arrangements whatsoever to either have it forwarded or to otherwise obtain it.").

In *Verizon Trademark Servs., id.,* the court drew a distinction between decisions denying substituted service of process where a party "moved [and] left no address," *id.,* at *6, and cases such as the present one, where Defendants are refusing to accept service:

> If Verizon had sent the service package to a burned down mobile home as in *Turcotte,*[80] or to the wrong address as in *Wyatt*[81] and *Crews,*[82] this Court would not be justified in excusing Verizon's failure to obtain a signed receipt for the service package.  However, in this case, after diligent and exhaustive attempts to personally serve Solares (at least twenty attempts by this Court's calculation), Verizon resorted to substituted service and sent the service package to Solares's correct address.  The package was delivered to Solares's home via certified mail, but Solares did not sign for the package.

[80]     In *Turcotte v. Graves,* 374 So. 2d 641, 643 (Fla. 4th DCA 1978), the court quashed substituted service when certified mail sent to comply with section 48.161 was returned with a note that the address was a vacant, burned down mobile home. The court held that "the failure of delivery of process was not caused by the defendant addressee's rejection of the mail and where such failure might have resulted from a cause not chargeable to the defendant, then the statutory requirements have not been met and service of process is insufficient."

[81]     *Wyatt v. Haese,* 649 So.2d 905, 907 (Fla. 4th DCA 1995) (quashing substituted service and holding that two attempts at service by mail, one marked 'unclaimed' and the other marked 'not at this address,' were insufficient to establish that the defendant intentionally failed or refused to claim the notices).

[82]     *Crews v. Rohlfing,* 285 So.2d 433 (Fla. 3d DCA 1973) (finding that mail returned and marked "moved left no address" was insufficient to fall within the exception to the statutory requirements).

SGR/19242027.1

*Id.* Under these facts, substituted service of process is justified by Plaintiff's "persistent attempts to serve" Defendants, "coupled with [Defendants'] actual knowledge of the suit." *Verizon Servs.,* 2011 WL 3296812, at * 7.

**C.     Alternate Service of Process by Electronic Mail is Constitutionally Permissible and Appropriate Under the Facts of the Present Case.**

The Constitution does not mandate that service be effected in any particular way.  Due process considerations require only that service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[83]  Federal courts have allowed service by email where a plaintiff demonstrates that the proposed service is likely to notify a defendant of the action.[84] Here, service on Defendants by email will satisfy (and has satisfied) due process by apprising Defendants of the action and giving them the opportunity to answer Plaintiff's claims.[85]

Although Defendants have concealed their whereabouts in a manner that prohibits Plaintiff from making personal service, Plaintiff has verified that both Defendants can be contacted at micheala.jallah@yahoo.com. This email address is a reliable means, and the only reliable means, of providing Defendants with notice of this action.  Email service on an online business defendant is warranted when a plaintiff is unable to personally serve a defendant at a physical address and has proven that email is the most effective means of providing the

---

[83]     *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  *See also TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A.,* 278 F.R.D. 687, 692 (S.D. Fla. 2010); *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1016 (9th Cir.2002).

[84]     *See, e.g., Rio Props.,* 284 F.3d at 1017; *In re Int'l Telemedia Assocs., Inc.,* 245 B.R. 713, 721 (N.D. Ga. 2000); *National Association for Stock Car Auto Racing, Inc. v. Does,* 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008).

[85]     *See Schimenti v. School Bd. Of Hernando Cty,* 73 So. 3d 831, 834 (Fla. 5th DCA 2011); *M.J.W. v. Dep't of Children & Families,* 825 So.2d 1038, 1040 (Fla. 1st DCA 2002).

SGR/19242027.1

defendant with notice of the action.[86]  The *Rio Properties and Popular Enters., LLC* courts each approved email service in part because, as in this case, the defendants conducted their business over the Internet, used e-mail regularly in their business, and encouraged parties to contact them via e-mail.  Electronic service is necessary and appropriate where it is the only effective means of communicating with an "e-business scofflaw."[87]

> **D.    Plaintiff Has Created a URL for Service by Publication.**

Plaintiff has posted a copy of the Complaint and Summonses on a website appearing at the URL https://my.workshare.com/#folders/GsudUO56lltbNIaZ.  Service by electronic publication in this manner has been authorized by this Court; an order materially identical to the Proposed Order submitted herewith was approved in *Specialized Bicycle Components, Inc. v. 17 No.1-Own,*  2017 WL 3016929 (S.D. Fla. July 14, 2017).

> **E.    In the Alternative, Plaintiff Requests a 90-day Extension of Time to Make Service.**

If the Court declines to grant this Motion, then Plaintiff respectfully requests a 90-day extension of time to make service of process, up to and including December 18, 2018  on the grounds that Plaintiff is continuing to effect personal service despite the obstacles described above.

## IV.    Conclusion

This motion should be granted because (1) Defendants have concealed their whereabouts by registering fictitious addresses at the Florida Secretary of State where they cannot be located or served; (2) Defendant Jallah is not located at her last known address and is evading service of

---

[86]    *See Rio Properties*, 284 F.3d at 1017; *Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004).

[87]    *Accord, TracFone Wireless, Inc.*, 278 F.R.D. at 693; *Popular Enters., LLC*, 225 F.R.D. at 563; *Chanel, Inc. v. Zhixian*, 2010 WL 1740695 (S.D. Fla. April 29, 2010); *In re Int'l Telemedia Associates*, 245 B.R. at 722; *Chanel, Inc. v. Zhibing*, No. 09-cv-02835, 2010 WL 1009981, at *4 (W.D. Tenn. March 17, 2010).

SGR/19242027.1

process; (3) Plaintiff has complied with state statutory requirements for substituted service on Defendant Allnation via USPS Certified Mail and delivery to the Florida Secretary of State; (4) Plaintiff is unable to effect personal service on either Defendant despite diligent efforts; (5) Defendants respond to email communications directed to their email address at micheala.jallah@yahoo.com; (6) Defendants are on actual notice of this proceeding by reason of Plaintiff's communications to their email address at micheala.jallah.com; (7) Defendants are in actual receipt of the Complaint by reason of delivery to their email address at micheala.jallah@yahoo.com; and (8) electronic service is reasonably calculated to provide actual notice of filings and correspondence in this case. A proposed order is attached as Exhibit B.

## S.D. Fla. L.R. 7.1.(a)(3) Certification

The undersigned certifies that it was impossible to confer with Defendants Allnation and Jallah as they have not appeared in this action and cannot be located for service. Plaintiff is filing a notice of dismissal as to Defendant Transamerica Multiservices Inc., so its consent is not required.


Dated: September 13, 2018          s/ *Aaron S. Weiss*
                                   Aaron S. Weiss (FBN 48813)
                                   Email: aweiss@carltonfields.com
                                   Carlton Fields Jorden Burt, P.A.
                                   100 S.E. Second St., Suite 4200
                                   Miami, FL 33131
                                   T: 305.530.0050  F: 305.530.0055

                                   Bruce A. McDonald (*to be admitted PHV*)
                                   Email: bmcdonald@sgrlaw.com
                                   Smith, Gambrell & Russel, LLP
                                   1055 Thomas Jefferson St., N.W., Suite 400
                                   Washington, D.C. 20007
                                   T: 202.263.4362  F: 202.263.4329

                                   *Attorneys for Plaintiff Transamerica Corporation*

SGR/19242027.1

**Certificate of Service**

I hereby certify that on September 13, 2018 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and will serve the parties in the manner specified below.

<i>s/ Aaron Weiss</i>
Aaron S. Weiss

Allnation Financial LLC
Michaela Jallah

*Via U.S. Mail to*:

1. 500 NE Spanish River Blvd., # 105, Boca Raton, FL 33431
2. 501 51st Ave. N.W., Delray Beach, FL 33445-2140 (Jallah's last known addess)
3. 400 South Federal Highway, Boynton Beach, FL 33435

*Via Email to*:

micheala.jallah@yahoo.com

*Via Publication a*t:

https://my.workshare.com/#folders/GsudUO56lltbNIaZ